# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ETHICON, INC. PELVIC REPAIR　　　　MDL No. 2327
SYSTEM PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　Judge Goodwin
　　　　　　　　　　　　　　　　　　　　　Mag. Judge Eifert

**THIS DOCUMENT RELATES TO:**
CAC- 2:15-cv-05315, *Florence Buchanan v. Johnson & Johnson, et. al.*
CAC- 2:15-cv-05317, *Sara Carmona v. Johnson & Johnson, et. al.*
CAC- 2:15-cv-05371, *Mary Orsi v. Johnson & Johnson, et. al.*
CAC- 2:15-cv-05385, *Vicki Skelton v. Johnson & Johnson, et. al.*
CAC- 2:15-cv-05382, *Xochilt Robinson v. Johnson & Johnson, et. al.*

## Plaintiffs' Motion to Vacate Conditional Transfer Order No. 192

Plaintiffs in the above-styled actions ("Plaintiffs"), pursuant to the Rules of Procedure of the Judicial Panel on Multi-District Litigation (the "Panel"), move this Panel to vacate Conditional Transfer Order No. 192 ("CTO-192") because:

- MDL consolidation is inappropriate due to Ethicon's untimely and fraudulent removal and the lack of federal subject matter jurisdiction;

- Plaintiffs' motions to remand are fully briefed, pending before the Honorable Percy Anderson in California District Court and set for consideration on October 26, 2015; and

- The convenience of the parties and witnesses favors retention of these claims in their proper state court forum.

1.　On December 30, 2013 sixty-seven Plaintiffs who suffered from POP and/or SUI, and had been vaginally implanted with the same surgical mesh kits designed, manufactured, marketed, and sold by Defendant

Ethicon, Inc. ("Ethicon") joined together to file a single lawsuit in an action styled CAC-2-14-00899, *Robinson et. al. v. Johnson & Johnson et. al. See* Plaintiffs' Original Complaint. Each of the Plaintiffs in the above-referenced actions were one of the women who collectively filed their state-court action more than eighteen months ago. *See id.*

2. Despite a clear lack of diversity, Ethicon improperly removed this case for the first time on February 6, 2014. Plaintiffs immediately moved to remand the case, and requested and received expedited consideration of their motion. Plaintiffs also opposed the related Conditional Transfer Order No. 118 issued by the JPML at the time and filed their Motion to Vacate. Ultimately, CTO-118 was vacated and the case was remanded to state court on March 12, 2014.

3. Upon remand, the case was transferred from its original Central Division Los Angeles Superior Court to Central Civil West Complex Courts, where it was reassigned to the Honorable Judge John S. Wiley. Thereafter, Ethicon moved to dismiss Plaintiffs' claims based upon the doctrine of *forum non conveniens*, and alternatively, finally moved to sever the non-diverse Plaintiffs' claims from the remainder of Plaintiffs' claims (a motion they could have filed in state court in January 2014 when the case was first filed). Notably, Ethicon failed to secure a ruling on its *forum non-*

conveniens motion and its alternative request to sever while the case was pending before Judge Wiley.

4. Subsequently, the case was reassigned to Judge William Highberger, who rejected Ethicon's *forum non-conveniens* argument, but severed the sixty-seven Plaintiffs' claims. Respectfully, Plaintiffs contend that the Court's ruling was erroneous. Now, eighteen months after Plaintiffs' claims were originally filed, seventeen months after Ethicon was served, and sixteen months after Ethicon removed the case the first time, Ethicon has once again fraudulently removed this action to federal court despite the involuntary nature of the state court's severance and the untimeliness of its removal.

5. Each of the 5 above-referenced cases where initially referenced in CTO-182 which was vacated with respect to these cases after the Honorable Judge Percy Anderson remanded the cases *sua sponte*. Subsequently, Defendants moved for reconsideration of Judge Anderson' remand and filed a notice of appeal on the remand orders. Plaintiffs contend both actions were improper as the cases had already been remanded and the District Court lacked jurisdiction to revisit the issue. Thereafter, Judge Anderson granted Defendants' motion for reconsideration and requested briefs from the parties.

6. Each of the above-referenced Plaintiffs immediately filed their respective Motions to Remand seeking prompt return of their cases to California state court. Each of Plaintiffs' motions are fully briefed and set for consideration by the California District Court on October 26, 2015. Thereafter, the Panel issued CTO-192 to address the 5 cases at issue. Each of the above-referenced Plaintiffs timely filed their Notice of Opposition to CTO-192.

7. The Panel should vacate CTO-192 because: (1) MDL consolidation is inappropriate due to Ethicon's untimely and fraudulent removal and the lack of federal subject-matter jurisdiction; (2) Plaintiffs' motions to remand are fully briefed, pending before the Honorable Percy Anderson in California District Court and set for consideration on October 26, 2015; and (3) The convenience of the parties and witnesses favors retention of these claims in their proper state court forum.

8. These arguments are discussed in detail in Plaintiffs' Brief in Support of Plaintiffs' Motion to Vacate CTO-192, which has been filed concurrently with this motion and is incorporated herein by reference. Plaintiffs respectfully request that the Panel set this motion for oral argument and that the Panel vacate CTO-192.

**Dated:** October 14, 2015  Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/ s/ Kurt B. Arnold*
Kurt B. Arnold
Texas State Bar No. 24036150
karnold@arnolditkin.com
Jason A. Itkin
Texas State Bar No. 24032461
jitkin@arnolditkin.com
Noah M. Wexler
Texas State Bar No. 24060816
nwexler@arnolditkin.com
Caj D. Boatright
Texas State Bar No. 24036237
cboatright@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**THE MOSTYN LAW FIRM**
J. Steve Mostyn
Mark Sparks
3810 W. Alabama Street
Houston, TX  77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 14, 2015, Plaintiff's Motion to Vacate CTO-192 was electronically filed through the JPML's CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                            */s/ Kurt B. Arnold*
                                            Kurt B. Arnold